In the Matter of the Estate of JOHN L. HICKS, Deceased.

EMILY J. HICKS and Another, Appellants; CHARLES E. HOOPER, Respondent.

Fourth Department, June 28, 1927.

**Wills — construction — testamentary trust for benefit of two children for ten years and then principal to go to them — in case of death of either childless within ten years principal was to pass to other — in case of death of both childless within ten years property passed to third persons — remainders were vested in children subject to defeasance in case of death childless within ten years — no illegal suspension of alienation.**

The testator devised his property in trust for the benefit of two children for a period of ten years, with direction that at the end of that period the principal should be turned over to the beneficiaries but that in case either child should die within the period without issue the entire principal should be turned over to the surviving child, and in case both should die within the period without issue the principal should be distributed to certain named beneficiaries. The remainders to the children of the testator after the expiration of the trust were vested remainders in one-half of the principal subject to defeasance in case of the death of the beneficiary without children within the ten-year period, and in case both died within the ten-year period the remainders were defeated and would vest in the other beneficiaries named in the will.

There is no illegal suspension of the power of alienation for all contingent remainders will vest, if at all, upon the termination of the lives of the two children.

APPEAL by Emily J. Hicks and another from certain portions of a decree of the Surrogate's Court of the county of Oneida, entered in the office of said Surrogate's Court on the 6th day of December, 1926.

*Richard R. Martin,* for the appellants.

*S. E. Spinning,* for the respondent.

SEARS, J. The question before us on this appeal is the validity of the trust contained in the 4th clause of the will of John L. Hicks which is as follows:

"*Fourth.* To my friend Charles E. Hooper, of Rome, N. Y., I give, devise and bequeath all the rest, residue and remainder of all my property and estate, both real & personal and of every name & kind, in trust, nevertheless, for the following purposes, to wit: to ask, demand, accept, receive & take into possession, and manage such trust property, to properly invest the personal & to rent the real estate, to collect and receive all the interest, income, rents & profits thereof, and annually to distribute and pay over annually the net amount thereof to my said two children, Emily J. & William I. Hicks for a period of ten years from my decease, and at the end of said ten years he shall then distribute & turn over to my said two children the principle fund of said trusts estate, share & share alike, & said trusts shall thereupon terminate, or in case either of my said two children shall die before the end of said ten year period leaving no child or children of their own flesh & blood, him or her surviving, then my said trustee shall turn over the whole of said trust fund to survivor of my said two children, and in case the death of both of my said two children before the expiration of said ten year period, leaving no children or descents of their own flesh and blood him or her surviving, then I give said trust funds & all the remainder of said estate as follows, To the Westernville Cemetery Association a further sum of $100.00 for the perpetual care of my burial lot in said Cemetery, & to Charles E. Hooper $600.00 and to L. S. Abrams $100.00 & all the rest to the children of Alpheus Hicks, Mrs. Mable Dagwell, William A. & Edward C. Hicks, share and share alike."

The purpose of the testator as shown in his will is to transfer the property mentioned in the 4th clause equally to his two children, subject to a trust for a limited period with the proviso that in case either child shall die without children within the ten years following testator's death such child's equal share in the property shall pass to the other child, and in case both die childless within ten years, the entire property shall pass to the persons named at the end of the quoted paragraph.

To effectuate this intention we construe the remainders to Emily J. and William I. Hicks after the expiration of the trust to be vested remainders in one-half of the trust fund (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573); the trust as to the share of either

Fourth Department, June, 1927.    [Vol. 221

child to terminate not later than the death of such child (Emily or William); the vested remainders to Emily and William, respectively, to be subject to defeasance in case of death without children within the ten years; and the whole property to pass to persons named at the end of the clause if both Emily and William die within ten years without leaving children. No violation of the statute in relation to the limitation of the suspension of the power of alienation and the vesting of contingent interests occurs for the trust ceases as to each share in any event upon the death of the beneficiary (*Crooke* v. *County of Kings*, 97 N. Y. 421; *Schermerhorn* v. *Cotting*, 131 id. 48), and all contingent remainders vest (if at all) upon the termination of two lives in being, namely, the lives of Emily J. and William I. Hicks.

The decree should be affirmed, with costs payable out of the estate.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Decree affirmed, with costs.