LLOYD W. HUMPHREY, Appellant, v. THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent.

First Department, February 14, 1930.

*W. Randolph Montgomery* of counsel [*Milo O. Bennett* with him on the brief; *Gregory, Stewart & Montgomery*, attorneys], for the appellant.

*William J. O'Shea, Jr.*, of counsel [*John Godfrey Saxe* with him on the brief, attorney], for the respondent.

FINCH, J. The plaintiff sued for damages for breach of a covenant in a lease between the parties. At the close of plaintiff's case, upon defendant's motion, the court directed a verdict in favor of plaintiff for nominal damages of six cents. Plaintiff appeals. The judgment must be reversed and a new trial granted for the following reasons:

The defendant rested upon the plaintiff's case and moved for the direction of a verdict in plaintiff's favor, thereby conceding the facts to be in accordance with the plaintiff's testimony, and also conceding that there was a breach of the contract by the defendant.

Out of the following facts grows this lawsuit: The defendant owned and controlled a building in which were six stores, one of which it leased to the plaintiff for a term of three years and four months from June 1, 1926. Defendant covenanted that plaintiff should have the exclusive right to maintain in the building a restaurant and cafeteria. Defendant subsequently leased to one Raymen another of the stores, on the same street, and about thirty-five feet distant from the plaintiff's store. In July of the same year plaintiff felt competition from Raymen, who had opened a delicatessen store, but in addition maintained a lunch counter, at which were served hot roast beef and other sandwiches, soups, boiled and fried eggs, pies, cakes, coffee, milk, etc. The plaintiff at once called this situation to the attention of the representative who had rented the store to plaintiff and monthly collected his rent and complained of the competition. The representative promised to see what could be done, but took no action notwithstanding plaintiff complained of the competition whenever he saw him. This competition continued during the entire period of plaintiff's lease, except upon some eight days, when the Raymen delicatessen was closed.

By the motion for a directed verdict for damages the defendant conceded not only the applicability of the covenant but adequate notice and every fact necessary to its liability in damages for a

breach. The only question remaining at issue, therefore, was the quantum of the damage sustained by the plaintiff. This the plaintiff sought to prove by showing that upon the days when the delicatessen was closed there was a large increase in plaintiff's cash sales and the net profit represented by such increase. This testimony was excluded upon objection of the defendant. For many pages of this record the plaintiff tried in every conceivable way to make out his *prima facie* case by showing that when the store whose competition was complained of was closed, this fact bore directly upon the amount of money which he took in as the basis of his daily profit. Plaintiff even went further and endeavored to show as a part of his case that there was nothing extraordinary about these days upon which the delicatessen was closed to account for the sudden increase in his sales, other than the fact of the closing. Plaintiff, having shown that he kept a true record day by day of his receipts, disbursements and profits throughout the entire term, offered to prove the average daily number of customers during the term of the lease as compared with the number of customers upon the days when the delicatessen was closed and its competition eliminated. Also to show upon such days the difference between plaintiff's cash receipts and his average daily receipts throughout the term of his lease, and a similar comparison with respect to net profits represented by the difference between gross and net receipts. Plaintiff further offered to show a like comparison between gross and net receipts on such days as the delicatessen was closed with the same day of the preceding week when it was open. Likewise the difference in receipts and profits during the entire period of plaintiff's lease, exclusive and inclusive of the days when the delicatessen was closed.

Defendant seeks to justify this exclusion upon the ground that the plaintiff was limited in his proof to the testimony of experts as to rental value of his store with and without the other store rented to a competing business. There exists no such limitation. It is true that courts have excluded proof of profits where the source was vague and the income of the business uncertain either because the business had just started or for other reasons. Here, however, the testimony making out a *prima facie* case of loss of business was certain and direct and presented more vital proof than the usual proof of difference in rental value. Plaintiff was entitled to have this testimony admitted, submitted to and considered by the jury. The testimony tended directly to establish a measure by which the plaintiff's damage could be ascertained. As was said by Judge EARL in *Wakeman* v. *Wheeler & Wilson Mfg. Co.* (101 N. Y. 205, 209): " It is not true that loss of profits cannot

be allowed as damages for a breach of contract. \* \* \* It is usually his [plaintiff's] right to prove the nature of his contract, the circumstances surrounding and following its breach, and the consequences naturally and plainly traceable to it, and then it is for the jury, under proper instructions as to the rules of damages, to determine the compensation to be awarded for the breach."

The defendant's concession of liability in nominal damages was apparently made only for the purpose of ending the litigation and hence upon the new trial neither party should be concluded by the record of this trial.

It follows that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.