BELLA SCHMUKLER, Plaintiff, *v.* RAYNES REALTY CORPORATION and Others, Defendants.

Supreme Court, New York County, April 19, 1930.

*Nathan D. Leiman,* for the plaintiff.

*Charles H. O'Connor,* for the defendant The Great Atlantic and Pacific Tea Company.

*Elias Salit,* for the defendant Evermarge Realty Corporation.

FRANKENTHALER, J. The plaintiff's lease permits her to use the demised premises " only for a modern confectionery, toys, stationery and cigar store," and contains a covenant by the landlord " not to rent any other store in said building for the same line of business." A subsequent lease of a store in the same building to the defendant The Great Atlantic and Pacific Tea Company is only "for the purpose of a general merchandise business, unrestricted, including groceries, smoked and fresh meats, poultry, fish, fresh fruits, vegetables, candy, cigars and cigarettes." Concededly some of the articles

sold by the said defendant (such as cigars and cigarettes, candy and bottled soda water) are also sold by the plaintiff. To that extent the two businesses overlap. It does not necessarily follow, however, that there has been a breach of the covenant not to rent for the " *same* line of business." (Italics mine.)

In *Peoples Trust Co.* v. *Schultz N. & S. G. Co.* (244 N. Y. 14) Judge POUND, writing for the Court of Appeals, pointed out that " the question is whether the business  *  *  *  taken as a whole was of the same or similar nature." He said: " While the subtenants were carrying on what would generally be known as a haberdashery and were also selling sporting goods, such sale of sporting goods did not as matter of law, transform their business from that of a haberdashery to that of a house for the sale of sporting goods. To a certain extent the business overlapped but the haberdashery did not lose its characteristics as such because it also incidentally carried and sold some articles similar to some of those sold by the defendant. *The question of distinct branch or incidental sales was for the jury.*" (Italics mine.)

In the instant case The Great Atlantic and Pacific Tea Company contends that it has no separate branch or department for the sale of candy, cigarettes and bottled soda, and that, on the contrary, the sale of those articles is purely incidental to its retail grocery business. It seems to me that under the circumstances a question of fact is presented for determination at the trial (*Peoples Trust Co.* v. *Schultz N. & S. G. Co.*, 244 N. Y. 14; *Butterick Publishing Co.* v. *Fulton & Elm Leasing Co., Inc.*, 132 Misc. 366), even if it be assumed that the recording of the plaintiff's lease constituted constructive notice of the restrictive covenant which it contained. The motion for a preliminary injunction is denied.