In the Matter of the Estate of ROBERT CATERSON, Deceased.

Surrogate's Court, Bronx County, February 15, 1932.

*Dutton K. Kilsheimer*, for Annie C. Gerity.

*Mills & Nanry* [*Joseph J. Nanry* of counsel], for Samuel C. Cockburn and others.

*Bigham, Englar, Jones & Houston* [*George S. Brengle* of counsel], for Mary H. Riggs and others.

*Robert W. Bonynge*, for the executors.

*J. Frederick Cryer*, for Robert Caterson.

*James J. O'Connell*, special guardian.

*William Lyman*, special guardian.

HENDERSON, S. In the proceeding for the judicial settlement of the account of the executors of decedent's will, the question arises

as to what person or persons constitute decedent's " heirs at law and next of kin," under a gift of the residuary estate to those so designated in the will.

There are two groups of alleged heirs at law and next of kin; one consisting of alleged nieces and nephews, and the other consisting of alleged nieces, nephews, grandnieces and grandnephews. Each group is represented by different attorneys. The petition affirmatively alleges that each of these relatives is an heir at law and next of kin. Their respective relationship to the decedent, as alleged in the petition and set forth in the account, has not been controverted in the pleadings, but that any one of them is an heir at law or next of kin has been disputed by the answers of two other alleged relatives, each of whom claims to be an heir at law and next of kin. One of them alleges that she is the only surviving child of a daughter of the decedent who predeceased the decedent, and the other claimant alleges that she is the only surviving child of the decedent, that he left no descendants of any deceased child, and that she is his sole heir at law and next of kin.

The alleged granddaughter now moves for a bill of particulars from each of the above-mentioned groups as to the relationship which they claim to the decedent. In each motion the applicant avers " that in order that deponent may properly prepare for the hearings to be had herein and not claim surprise, it is necessary that deponent have specific knowledge of how the parties above-mentioned arrive at their claim to relationship, and unless such information is given, deponent on the trial of this proceeding will be at a serious disadvantage and may suffer irreparable loss, * * *." It is very evident, however, that the relationship of these nieces and nephews to the decedent in no wise affects the applicant's claim and that she is not interested in the degree of such relationship nor as to the manner in which they " arrive at their claim of relationship," except perhaps in so far as the information requested might in some way assist her in proving her own claim of relationship. Whether or not she establishes as a fact that she is a granddaughter, it is immaterial to her and irrelevant to the issues in this proceeding whether or not the respondents in these motions are of the relationships above noted, for none claims to be other than a collateral relative. Moreover, the relationship of each of these respondents is alleged in the petition and in the account, and has not been controverted. Such relationship should, therefore, be accepted as a fact (Surr. Ct. Act, § 76; *Matter of Grossman*, 131 Misc. 526, 530), and is not now in issue.

The function of a bill of particulars is to amplify or limit a pleading or a claim which must be proved, so that (1) the issues may be

circumscribed if possible; (2) the proof may be addressed only to the questions arising upon such pleading or claim as limited by the bill delivered; (3) the adversary may be saved needless preparation, and (4) a plea of surprise may be prevented. There being no issue as to such relationships, it will not be necessary for these respondents to present any proof thereof.

The technical objections to these motions have been obviated by my consideration of the supplemental affidavits. Although their reception has been somewhat informal, it is stated that copies thereof have been forwarded to the attorneys for all the other parties and to the special guardians, and I would have granted formal applications for permission to file them.

Each motion is denied, with costs. Settle orders.