SUPREME FINANCE CORPORATION, Landlord, Respondent, *v.* BURNEE CORPORATION, Tenant, Appellant; NEDICK CORPORATION, Assignee in Possession, Appellant.

Supreme Court, Appellate Term, First Department, January 17, 1933.

*White & Case* [*Thomas Kiernan*, of counsel], for the appellants.

*Hirsh, Newman, Reass & Becker* [*Murray C. Becker* and *Irving Moldauer* of counsel], for the respondent.

PER CURIAM.   The evidence was sufficient to require submission to the jury of the question whether the " line of business " conducted by the Roxy Doughnut Shop, Inc., was so similar to that conducted in the demised premises as to constitute a violation of the covenant contained in the lease. (*People's Trust Co.* v. *Schultz N. & S. G. Co.*, 244 N. Y. 14; *Schmuckler* v. *Raynes Realty Corp.*, 137 Misc. 320.)

The proper measure of damage for the breach of such a covenant

would be the difference between the rental value of the demised premises with and without the other store rented to a competing business. The amount of damage sustained would be limited to the period during which the alleged breach of covenant had continued until the time of the interposition of the counterclaim. While the appellants were entitled to establish such damage by the testimony of an expert, the questions propounded by the expert called for answers which were purely speculative in character (*Roberts* v. *New York Elevated R. R. Co.*, 128 N. Y. 455; *Charman* v. *Hibbler*, 31 App. Div. 477) and were, therefore, properly excluded. The evidence relating to the decline in the appellants' sales was likewise insufficient to establish a measure by which their damage could be ascertained in the absence of proof that the decline in sales had resulted in a reduction in net profits. (*Humphrey* v. *Trustees of Columbia University*, 228 App. Div. 168.)

Even in the absence of proof of substantial damage, however, the trial court was not warranted in directing a verdict in favor of the respondent. The appellants were entitled to have the issue concerning the alleged breach of covenant submitted to the jury and, if the jury resolved that issue in their favor, to recover at least nominal damages. While we would not be inclined to reverse the judgment in order to permit the appellants to recover nominal damages upon their counterclaim, it does not appear unlikely that upon a new trial they may be able to establish that substantial damages have been sustained as a result of the alleged breach of covenant. Under these circumstances, the direction of a verdict in favor of the respondent constituted error for which the judgment must be reversed. (*Thomson-Houston Electric Co.* v. *Durant Land Improvement Co.*, 144 N. Y. 34, 49.)

Final order and judgment reversed and new trial ordered, with thirty dollars costs to appellants to abide the event.

All concur; present, LYDON, FRANKENTHALER and UNTERMYER, JJ.