HARRY PECK and Another, Doing Business as PECK BROTHERS, Plaintiffs, *v.* JOHN BANDELL, Defendant.

County Court, Special Term, Washington County, August 4, 1937.

*Leo Krause,* for the plaintiffs.

*Van Kirk & Dewell,* for the defendant.

WILSON, Special County Judge. This action is to recover a balance claimed to be due to plaintiffs from defendant on an account. Plaintiffs allege sales to defendant between September 18, 1928, and July 7, 1934, amounting to $1,542.85, and payments by defendant amounting to $1,220.96, and a balance due of $321.89. One of the defenses set up in defendant's answer is full payment of account. Plaintiffs' attorney served a demand for a bill of particulars as to the defense of payment under rule 115 of the Rules of Civil Practice. Defendant did not furnish the bill demanded and did not avail himself of the right under such rule to move to vacate or modify the notice requiring such bill of particulars. Plaintiffs now move under said rule for an order precluding defendant from giving evidence at the trial of the action relative to the items set forth in such demand.

The function of a bill of particulars is to amplify or limit a pleading or claim which must be proved, so that (1) issues may be circumscribed, if possible, (2) proof may be addressed only to questions arising from such pleading or claim as limited by the bill delivered, (3) adversary may be saved needless preparation, (4) plea of surprise may be prevented. (*Matter of Caterson*, 143 Misc. 115.) It does not seem that the bill of particulars demanded by the plaintiffs would perform these functions.

The rule seems to be well established that a bill of particulars of a defense of payment will not be ordered except under unusual circumstances or for special reasons. (*Sutphin Park Realty Corp.* v. *Knowles*, 225 App. Div. 830; *Yangtsze Ins. Assn.* v. *Stark & Co.*, 195 id. 401; *Barone* v. *O'Leary*, 44 id. 418; *Rosenzweig* v. *Larkin*, 151 Misc. 105.)

The reason for this rule, as stated in Wait's Practice, is "that the fact of payment must be known to both the party paying and the one receiving." And in this case the plaintiffs allege the payment of about four-fifths of the account in question. No unusual circumstances or special reasons appear herein.

The question, then, is whether the new rule 115 of the Rules of Civil Practice has changed or superseded the foregoing rules as established by the courts, so that an order of preclusion must be granted in a case where a party fails to move to vacate or modify a demand for a bill of particulars under the provisions of this rule. In my opinion it has not.

The case of *Sterling Factors Corp.* v. *Abrams* (N. Y. L. J. May 20, 1937, p. 2543), cited by plaintiffs' counsel, appears to be one of an ordinary demand by the defendant upon the plaintiff for a bill of particulars, in a proper case, and the question of the right of a plaintiff to a bill of particulars as to a defense of payment is not involved.

A comparison of the provisions formerly contained in the Civil Practice Act with the provisions of the present rule 115 does not show the present provisions to be more mandatory, or that the court has less discretion under the present rule. Former section 246 of the Civil Practice Act provided: " It is not necessary for a party to set forth in a pleading the items of an account therein alleged; but in that case he must deliver to the adverse party, within ten days after a written demand therefor, a copy of the account * * *. If he fail so to do, he is precluded from giving evidence of the account." Former section 247 provided: " Upon application in any case, the court or a judge authorized to make an order in the action, upon notice, may direct a bill of particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered."

Rule 115 now provides: (a) " Any party may require any other party to give a bill of particulars of his claim, or a copy of the items of the account alleged * * *. If the party upon whom such notice is served is unwilling to give such particulars, in whole or in part, he may move to vacate or modify * * *. If no such motion is made the bill of particulars shall be served within ten days after the demand therefor, unless the court or judge shall otherwise direct. (c) In the event that a party fails to furnish a bill of particulars or copy of the items of the account, * * * the court or a judge authorized to make an order in the action, * * * may preclude him from giving evidence at the trial of the items of which particulars have not been delivered." Between September 1, 1936, and May 15, 1937, the rule also provided: " (e) Upon any application for a preclusion order, the court shall grant such order with a provision that the same be effective unless a proper bill is served within a specified time thereafter." Effective May 15, 1937, this subdivision was amended to read: " A preclusion order may provide that the same be effective unless a proper bill is served within a specified time thereafter." This indicates that it was not intended that the former subdivision (e) should be mandatory and that a preclusion order must be granted in every case where no bill of particulars has been served and no motion to vacate or modify the demand has been made. Subdivision (c) specifically provides that if a party fails to furnish a bill of particulars, the judge or court *may* preclude him.

It seems evident that discretion still rests with the court under this rule, and that a preclusion order is not made as a matter of course because of a failure of a party to take advantage of the

privilege given him under this rule to move to vacate or modify a demand for a bill of particulars, but that such orders should only be granted in proper cases under the established rules of law. The issues in this case can be fairly tried on the pleadings as they now stand. The rule enunciated in the cases hereinbefore cited should govern herein.

Motion denied.