In a summary proceeding for nonpayment of rent, the tenant interposed a counterclaim for breach of a covenant of the lease that the landlord would not rent any store in the building covered by the lease to sell certain products. The Official Referee, to whom the matter was referred to hear and determine, found that there was a breach of the covenant because the landlord permitted two other tenants to sell packaged ice cream; that the tenant suffered damages of loss of profits in ice cream sales for the four months from June to September, 1948, at $50 a month, and that the breach depreciated the rental value of the tenant’s store $50 a month for the months of October to December, 1948. The judgment awards the landlord $1,150, being three months rent at $500 a month, less the $350 damages. The tenant appeals. Judgment reversed on the law and the facts, without costs, and the matter remitted to the Official Referee for determination of the damages suffered by the tenant. The measure of damages for breach of the covenant here involved is the difference in value between the tenant’s leasehold with the covenant against competition unbroken, and the same leasehold with the covenant broken. (Parker v. Levin, 285 Mass. 125.) However, loss of net profits is usually a more accurate measure of damages than the mere opinion evidence of real estate experts as to difference in rental value before and after the breach. (Humphrey v. Trustees of Columbia Univ., 228 App. Div. 168.) The tenant is entitled to damages limited to the period during which the breach of covenant continued until the time of the interposition of the counterclaim. (Supreme Finance Corp. v. Burnee Corp., 146 Mise. 374.) There is no basis in this record for the award made. There is no proof as to the proportion the tenant’s ice cream sales bore to his total sales, or whether the tenant’s total net profit from sales in all departments of his store decreased after the breach. Nor is there any basis in this record for a determination of the tenant’s claimed loss of net profits in sales of ice cream as the result of the breach of covenant. Johnston, Sneed -and Wenzel, JJ., concur; Nolan, P. J., and Adel, J., dissent and vote to affirm.