Walter R. Hart, J.
Defendant moves to preclude plaintiff from giving any evidence on the trial of this action pertaining to those items of defendant’s demand as to which particulars have not been furnished by plaintiff’s bill of particulars.
The instant equity action is brought by the tenant of a stationery store to enforce a negative covenant in the lease, whereby the landlord had agreed “ not to allow any other tenant to sell or offer for sale,” among other things, such an item as “ soda.” The complaint alleges that shortly after plaintiff purchased the stationery business and the accompanying lease a grocery store in the restricted premises began to offer for sale and did sell “ bottled soda” to the general public. In consequence thereof plaintiff claims a breach of the covenant.
The relief sought is in the alternative. Plaintiff seeks a judgment that the landlord enforce the terms of the lease ‘ ‘ by causing ’ ’ the competing tenant ‘ ‘ to discontinue the sales of soda. ’ ’ (Emphasis supplied.) Failing to obtain the requested relief, plaintiff asks in the alternative that ‘ ‘ this court shall determine that the profits of all past and future sales of soda in the grocery store * shall be a proper measure of damages.”
Within approximately 10 days after service of defendant’s demand therefor, plaintiff served a verified bill of particulars. It contained numerous refusals to furnish requested particulars. As to many other items, particulars were not furnished, but in *194 lieu thereof plaintiff stated under oath that he did not have and was not in possession of the requested information.
Orderly procedure requires a party objecting to items of a demand to move under rule 115 of the Rules of Civil Practice to vacate or modify the same. Where, as here, the plaintiff has failed to move for a modification and the time within which to make such motion has expired, ‘ ‘ the items will not be scrutinized and will be allowed unless palpably improper.” (Tomasino v. Prudential Westchester Corp., 1 AD 2d 781.)
Therefore, as to items numbered 1, 2, 3, 4, 5, 7a, 8a and 9a to 9f, inclusive, the motion to preclude is granted. As to item 6, the motion is granted except as to the particulars already provided.
As to items 7b to 7f, inclusive, pertaining to the amounts of the sales of bottled soda in the competing store from the inception of such business, the plaintiff alleges in his verified bill of particulars that he lacks knowledge of the requested particulars. The court is satisfied that the plaintiff is not in possession of the foregoing information. It is also quite likely that the plaintiff may not be in possession of the information until the very day of the trial. Plaintiff claims such information is vital to his case and that he intends to subpoena the records of the competing grocery store upon the trial of the action.
As to the afore-mentioned items, 7b to 7f inclusive, the motion to preclude is denied. The court will not, under the circumstances herein disclosed, preclude the plaintiff in advance from offering evidence as to items concerning which he claims in good faith to lack knowledge. (Schlank v. East Riv. Sav. Bank, 272 App. Div. 56; Matter of Ernst, 194 Misc. 237.) Recently the Appellate Division of this department stated that “ It is an abuse of discretion to require a party to furnish particulars which are not within his power to furnish.” (Eisenstaedt v. Schweitzer, 3 A D 2d 716-717.)
Though Special Term should not preclude a party under the circumstances herein disclosed, it is not the court’s intention by denying preclusion at this time to grant to the plaintiff the right to present evidence as to such matters upon the trial of the action without first affording the defendant ample opportunity to prepare its defense thereto. The defendant has a clear right to be apprised of plaintiff’s claim prior to the trial so that it “ may be able to investigate the facts and be prepared on the trial to meet the evidence.” (Gross v. Conner, 114 App. Div. 32, 34.) The trial court will amply protect the defendant’s rights in this regard.
*195 Having denied a preclusion in advance of trial due to plaintiff’s lack of knowledge of particulars concerning sales of bottled soda in the competing grocery store, the court wishes to make certain observations lest the court’s decision be misconstrued.
The court’s sole purpose is to afford to the plaintiff an opportunity to prove his case as pleaded, but nothing more. It is a general rule that ‘ the measure of damages for breach of the covenant here involved is the difference in value between the tenant’s leasehold with the covenant against competition unbroken, and the same leasehold with the covenant broken.” (Kennedy v. Abarno, 277 App. Div. 883; Parker v. Levin, 285 Mass. 125, Ann. 90 A. L. R. 1446; Supreme Finance Corp. v. Burnee Corp., 146 Misc. 374.) The courts have held that the amount of damages sustained is limited to the period during which the alleged breach of covenant had continued until the time of the commencement of the action. (Supreme Finance Corp. v. Burnee Corp., supra, p. 376; L. & S. Delicatessen v. Carawana, 143 N. Y. S. 2d 350.) Proof of a decline in the tenants’ sales has been held “ insufficient to establish a measure by which their damage could be ascertained in the absence of proof that the decline in sales had resulted in a reduction in net profits.” (Supreme Finance Corp. v. Burnee, supra, p. 376.)
Therefore, under the plaintiff’s complaint he is entitled to the opportunity to submit evidence which will tend “ directly to establish a measure by which plaintiff’s damage could be ascertained.” (Humphrey v. Trustees of Columbia Univ., 228 App. Div. 168, 170.) "Whether the plaintiff can on the trial successfully show that the profits realized from the sale of bottled soda in the competing grocery store constituted a direct loss of profits to the plaintiff’s business will be a matter for determination by the trial court.
As regards items numbered 8b to 8f inclusive, relating to the amounts of sales of bottled soda which took place in the plaintiff’s store when the same was under the control of plaintiff’s predecessor in title, plaintiff claims lack of knowledge. While this may be so the court in this instance is not satisfied that the plaintiff could not, if he so desired, obtain the necessary information. Furthermore, the plaintiff apparently has no intention of adducing such evidence on the trial. Characterizing the relief plaintiff seeks under the complaint, the plaintiff’s brief, submitted in lieu of an affidavit, states: ‘ ‘ The plaintiff in his complaint merely requests the court to determine the measure of damages based on the profits of soda sold by the adjoining grocery; the plaintiff’s own loss of profits, if any, has no bear *196 ing on the request of the plaintiff to the court.” (Emphasis supplied.) For the reasons set forth the court will preclude as to the afore-mentioned items.
In passing, the court voices its disapproval of the practice employed by the plaintiff of substituting a brief in place of an answering affidavit, particularly when service of an answering affidavit was required to be made five days before the return date of the motion. The court is entitled to receive facts in affidavit form.
In regard to any of the items concerning which plaintiff has been precluded, the plaintiff may relieve himself of same by serving an amended bill of particulars within 20 days after service of the order to be entered herein with notice of entry.
As to items 7b to 7f inclusive, wherein the motion to preclude has been denied at this time, if the plaintiff does obtain the requested information and fails to serve a further bill of particulars in regard thereto not later than 10 days prior to the trial of the action, he shall thereupon be precluded.
Settle order in conformity herewith on notice.