■ FAIRVIEW HARDWARE, INC., Appellant, v. DAVID STRAUSMAN et al., a Copartnership Doing Business as STRAUSMAN CONSTRUCTION Co., Respondents, et al., Defendant.— In an action by a lessee of a store in a shopping center against the lessors and another tenant, the operator of a variety store, to enjoin the business of selling hardware, paints, and house furnishings, and to recover damages, a judgment was entered after trial dismissing the complaint on the merits. The appeal is from so much of the judgment as adjudges that the lessors have judgment against appellant on the issues of this action. Judgment insofar as appealed from reversed, with costs, and matter remitted to the Special Term for the limited purpose of assessing appellant's damages. The Special Term found that respondents were guilty of a breach of their contract when they executed a lease for the variety story. There is sufficient evidence in the record to support that finding. Since appellant's business was new, loss of profits is not a proper measure of damages. The proper measure is the difference in rental value of appellant's premises with the covenant unbroken and broken. (*Humphrey* v. *Trustees of Columbia Univ.*, 228 App. Div. 168.) This difference may be determined only after the extent of the breach of the covenant is ascertained. Beldock, Ughetta and Kleinfeld, JJ., concur; Wenzel, Acting P. J., and Hallinan, J., dissent and vote to affirm, with the following memorandum: The complaint was dismissed as against the variety store tenant on the ground that it had no actual or constructive notice of the restrictive covenant in appellant's lease. The Special Term held that respondents were guilty of a breach of their contract when they executed the lease for the variety store and that the only issue to be decided was the question of damages. It dismissed the complaint as against respondents on the ground that it was impossible for the court to determine what damages, if any, flowed from the breach. Appellant contends that the restrictive covenant was breached by the sale of many items such as paints, hardware, electrical supplies and housewares. We agree that respondents breached their contract with appellant. The sale of such items as small cans of paint in the variety store was in violation of the restrictive covenant. But despite the testimony of experts that hardware was a broad term which included such items as housewares and electrical supplies, it is our opinion that the sale in the variety store of electrical supplies and of housewares, such as dishes and similar items, was not in violation of the restrictive covenant (see, e.g., *Steinway Bldg. Co.* v. *Paxinos,* 234 App. Div. 396; *Robertson* v. *Ongley Elec. Co.,* 146 N. Y. 20, 24; cf. *Smith* v. *Clews,* 114 N. Y. 190, 193). The Special Term made no specific finding as to what articles sold by the variety store tenant were sold in violation of the restrictive covenant. In affirming the finding that respondents were guilty of a breach of their contract when they executed the lease for the variety store, the majority has made no finding as to what articles were sold in the variety store in violation of the restrictive

covenant. Upon this record, the Special Term did not commit error in refusing to fix substantial damages, nor did it commit reversible error in failing to award nominal damages (*Witkin* v. *City of New York*, 3 A D 2d 720; *Solof* v. *Heitner*, 282 App. Div. 738; cf. *Skinner* v. *Allison*, 54 App. Div. 47) and an injunction directed solely against the respondents (see, e.g., *Solof* v. *Heitner, supra*; cf. *Greenspan* v. *4201 Ave. D Realty Corp.*, 265 App. Div. 967). By failing to modify the judgment to award substantial damages to appellant as this court may and should do if the record were adequate (Civ. Prac. Act, §§ 584, 602, 620), the majority impliedly recognizes that the record at the Special Term was not such as could support a judgment for substantial damages.