Louis Gr. Bruhn, J.
This is a motion on behalf of the defendant for an order precluding the plaintiffs from presenting any evidence for which a bill of particulars has been demanded and has not been complied with.
Rule 115 of the Rules of Civil Practice provides in part:
“ (a) * * *. If the party upon whom such notice is served is unwilling to give such particulars, in whole or in part, he may move to vacate or modify such notice by serving his motion papers within five days after receipt thereof. * * ” If no such motion is made the bill of particulars shall be served within ten days after the demand therefor, unless the court or judge shall othemvise direct.
“(g) In the event that a party fails to furnish a bill of particulars * * * the court or a judge authorized to make an order in the action, upon notice to said party, may preclude him from giving evidence at the trial of the items of which particulars have not been delivered.” (Italics supplied.)
This Department has criticized in strong language the practice of neglecting a demand for a bill of particulars until a motion for a preclusion order is made.
In the case of Becker v. Paragon Supply Co. (285 App. Div. 991) the court said: “ The rule, substituting a demand for a motion that was heretofore necessary, was designed to aid the bar and litigants in a speedier disposition of lawsuits, but the actual practice, in many instances, has resulted in a perversion of the purpose of the rule. We emphatically condemn this kind of practice ”.
Other Departments have expressed the same condemnation. (Hersh v. Home Ins. Co., 284 App. Div. 428 [1st Dept.]; Petersdorf v. O’Hagan, 286 App. Div. 1100 [2d Dept.].)
While this Department has raised such strong criticism this court has found no expression by it suggesting that in instant situations the court is without any discretion whatever.
Most of the cases which have spoken on the problem adopt the position that discretion does exist. (Peck v. Bandell, 164 Misc. 352; Universal Metal Prods. Co., v. De-Mornay Budd, Inc., 275 App. Div. 575; Link Metal Pin. Corp. v. Moskowits, 95 N. Y. S. 2d 766; Curran v. Porkar, 283 App. Div. 849; Desimone v. Robertson, 19 Misc 2d 80.)
While the defendant argues to the contrary, the very authority cited for its contention, in the opinion oi! this canil, does not go that far.
In the ease of Tomasino v. Prudential Westchester Corp. (1 A D 2d 781) the court stated: “ In any event, respondent’s *573 time, within which to move for modification of the demand for the bill of particulars had expired and she did not contest the items until appellant moved for a preclusion order. Under such circumstances, the items will not be scrutinized and will be allowed unless palpably improper.” (Italics supplied.)
The “ palpably improper ” rule was likewise followed in the remaining two cases cited: Friedman v. Celfan Bldg. Corp. (13 Misc 2d 192) and Rosen v. Gotham Equip. Corp. (16 Misc 2d 891). .
A Third Department case, although not directly in point, seems to shed some further light on the problem.
In the case of Suto v. Musella (274 App. Div. 952) the defendants served a demand upon the plaintiff and included some items which were improper. The plaintiff did not move under rule 115 but furnished a partial bill, omitting items he deemed objectionable. Subsequently, the defendants moved for a further bill as to the items not answered. Special Term granted the defendants’ motion on the grounds that the failure of the plaintiff to move to vacate or modify the original demand entitled the defendants to such relief.
The Appellate Court at page 953 stated: ‘‘ Although such failure to move to modify did not preclude the court from ruling on the propriety of the items demanded as a matter of law, the order appealed from was entirely discretionary and should be affirmed.”
Therefore, in the instant case since items 2, 3 and 4 are improper demands, the defendant’s motion to preclude is granted as to items 1, 5 through 18, inclusive, unless within 30 days the plaintiffs furnish the required particulars.