■ RIPLEY MANUFACTURING CORP., Appellant, v. ROOSEVELT FIELD, INC., Respondent.— In an action by the lessee of a store in a shopping center owned by the defendant lessor (a) to declare the rights of the parties under their lease dated November 8, 1955; (b) to recover damages for the breach of the lessor's covenant in said lease not to rent a store to more than one other tenant in a competing business; and (c) for other relief, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered July 13, 1961 upon the opinion and decision of the court after a nonjury trial, as awarded to the plaintiff nominal damages in the sum of $1. Judgment, insofar as appealed from, reversed on the law and the facts, with costs, and the action remitted to the Special Term for the limited purpose of assessing the damages, which are to be computed on the basis of the duration of the Harvey lease. Findings of fact contained in the decision of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The Special Term found that defendant was guilty of a breach of the lease, but that plaintiff had failed to establish damages by reason of the breach thereof. While loss of profit is the more accurate measure of damage, the evidence is insufficient to warrant a finding as to the extent of the sales lost by plaintiff to Harvey's, the unauthorized competing tenant. However, we are of the opinion that, for the breach of the covenant herein against additional competition, plaintiff is entitled to recover the difference in rental value of its

leasehold with the covenant broken and the covenant unbroken (*Kennedy* v. *Abarno*, 277 App. Div. 883; *Humphrey* v. *Trustees of Columbia Univ.*, 228 App. Div. 168; *Fairview Hardware* v. *Strausman*, 9 A D 2d 944). The finding that there was no difference in the rental value, whether the covenant was broken or not, was based on the fact that the Special Term disregarded the testimony of plaintiff's real estate expert. His testimony was that the difference in rental value of the leasehold with the covenant against competition broken and unbroken is 5% of gross sales. The Special Term, however, did credit the testimony of defendant's real estate expert that there was no such difference. In our opinion, the Special Term's finding was against the weight of the evidence; and, therefore, the award of nominal damages of $1 constituted error. We also are of the opinion that the damages should be computed on the basis of the duration of the lease which defendant gave to the competitor (Harvey) in violation of its covenant in its contract with the plaintiff (*Fairview Hardware* v. *Strausman*, 12 A D 2d 810). Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.