■ WON'S CARDS, INC., Respondent, v SAMSONDALE/HAVERSTRAW EQUITIES, LTD., et al., Appellants, et al., Defendants. [609 NYS2d 667] —In an action to recover damages for the breach of a restrictive covenant in a commercial lease, the defendants Samsondale/Haverstraw Equities, Ltd. and Charles Hack appeal from an order of the Supreme Court, Rockland County (Stolarik, J.), dated April 27, 1992, which denied their renewed motion, inter alia, for partial summary judgment dismissing the third cause of action insofar as it is asserted against them for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the appellants' motion for partial summary judgment is granted, and the third cause of action is dismissed insofar as asserted against them.

In 1984 the plaintiff, Won's Cards, Inc. (hereafter Won's), became the tenant assignee of a lease in the Samsondale Shopping Center located in Haverstraw, New York. The lease gave Won's, under certain conditions, the exclusive right to sell "greeting cards and gift items, as normally found in a first-rate gift shop, stationary [sic] and related supplies" in the shopping center.

In April 1989, Won's instituted this action against the defendants alleging that Samsondale/Haverstraw Equities, Ltd. and Charles Hack (hereafter the appellants), the former owners of the shopping center, and Samsondale Plaza Associates, L.P. and Samstraw Realty Corp., the new owners, violated the restrictive covenant, i.e., the exclusive use provision, in the lease when they allowed the defendant Baxter's-Haverstraw, Inc. (hereafter Baxter's), a retail drug store, to sell competing merchandise. Won's claimed in the third cause of action that the continued failure of the defendants to abide by and enforce the exclusivity clause caused the reduction of the "market or resale value" of the business to zero dollars, and thus, damaged it in the sum of $500,000.

After a series of procedural steps not relevant here, and the plaintiff's settlement of the case with all of the defendants except the appellants, the appellants moved to dismiss the third cause of action or for summary judgment, on the basis that the market or resale value of the property was an impermissible theory of damages.

The Supreme Court erred in denying the appellants' motion for summary judgment. Traditionally, there have been only two proper measures of damages for a landlord's breach of a restrictive covenant in a lease: (1) the reduction in the rental value of the property with the covenant against competition broken and with the covenant unbroken; and (2) the loss of business profits of the wronged tenant *(see, e.g., Ripley Mfg. Corp. v Roosevelt Field,* 18 AD2d 924; *Fairview Hardware v Strausman,* 9 AD2d 944; *Kennedy v Abarno,* 277 App Div 883; *Humphrey v Trustees of Columbia Univ.,* 228 App Div 168; 74 NY Jur 2d, Landlord and Tenant, § 92, at 131-132). The "loss of market value" may be an appropriate measure of damages in tort actions *(see, e.g., Atlantic Mut. Ins. Co. v Noble Van & Stor. Co.,* 146 AD2d 729; *Interested Underwriters at Lloyds v Third Holding Corp.,* 88 AD2d 863), but it has never been applicable to breach of contract actions, such as the present one.

We have examined the parties' remaining contentions and find them without merit. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.