■ ARISTA CARDS AT MASPETH, INC., Respondent, v FC GRAND AVENUE ASSOCIATES, L.P., et al., Appellants. [757 NYS2d 758] —In an action, inter alia, to recover damages for breach of a lease, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 29, 2002, as denied their motion for summary judgment dismissing the complaint in its entirety and denied that branch of their separate motion which was for summary judgment dismissing so much of the complaint as seeks to recover damages for the diminution in the rental value of the leasehold.

Ordered that the order is affirmed insofar as appealed from, with costs.

A provision in the plaintiff's lease with the defendant shop-

ping center owner, FC Grand Avenue Associates, L.P. (hereinafter FC Grand), gives the plaintiff the exclusive right to sell certain items and prohibits FC Grand from leasing space to another tenant whose store has the same "primary use" as that of plaintiff's store. The defendants failed to demonstrate, as a matter of law, that FC Grand did not breach the lease when it rented another store in the shopping center to the defendants Party City Corporation and Party City of Elmhurst, Inc. Consequently, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.

Contrary to the defendants' contention, the plaintiff may seek to recover damages based on the diminution in the rental value of the leasehold caused by the alleged breach of the lease, even though, under the circumstances, it cannot recover damages for lost profits (*see Ripley Mfg. Corp. v Roosevelt Field,* 18 AD2d 924 [1963]; *Fairview Hardware v Strausman,* 9 AD2d 944 [1959]). Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.