(120 App. Div. 50)

### AUB et al. v. HOFFMAN.

(Supreme Court, Appellate Division, First Department.　June 7, 1907.)

1. PLEADING—BILL OF PARTICULARS.

In an action to recover a lump sum for attorneys' services, the first 11 folios of the complaint alleged that defendant retained plaintiffs to represent her in legal difficulties, enumerating nine subjects, with an estimate of the amount involved in each subject; the only allegations of services rendered being contained in the third paragraph of the complaint. *Held*, that an order requiring plaintiffs to furnish a bill of particulars in the form of specified charges for each item enumerated in folios of the complaint numbered 1 to 9, which were not items of services, but only of items submitted for consideration, was erroneous.

2. SAME.

. Where, in an action for attorneys' services, the complaint charged that plaintiffs had rendered services with reference to nine distinct subjects, the aggregate value of which was charged to amount to $323,000, and sought to recover a lump sum of $15,000, defendant was entitled to a bill of particulars showing plaintiffs' valuation of the services rendered in each of the specified suits or proceedings, and also for the value of any other outside services of a general nature.

Appeal from Special Term, New York County.

Action by Theodor Aub and another against Wilhelmina E. Hoffman to recover for attorneys' services. From an order requiring a bill of particulars, plaintiffs appeal. Modified and affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Theodor Aub, for appellants.
Richard D. Currier, for respondent.

CLARKE, J. The complaint alleges that the value of professional services rendered was $15,000; that the plaintiffs have been paid $2,-500. The first 11 folios of the complaint set forth that:

"The defendant retained the plaintiffs with regard to legal difficulties involving the consideration, among other things, of the following matters and items, * * * which, after being unravelled and arranged, presented for consideration and action the following subjects and amounts."

Then follows an enumeration of nine subjects, with an estimate of the amount involved in each subject, aggregating $323,000. The matter covered by these folios, therefore, is simply the subjects presented by the client to the attorneys for consideration. In the third folio the complaint proceeds:

"That pursuant to such submissions, and after systematizing and arranging the various subjects by intense labor and with the speed made necessary by the impending sale of the real property aforementioned, the plaintiffs devised a comprehensive course of action by which, with particular regard to the peculiar circumstances and situation, the rights and claims * * * were in the first place to be prosecuted, * * * which plan was adopted after discussion with and explanation to the defendant and with her assent, and in pursuit thereof a suit was brought, in the first instance, for the purpose of enjoining the sale of said real property in Fifty-Sixth street; next, a proceeding was prepared for involuntary accounting against the executors of Henry Steubing, which was changed into a voluntary accounting, which was minutely

examined; then a proceeding was had in the Supreme Court for the substitution of a trust company in lieu of the testamentary trustees named in the will of Henry Steubing."

And then follows in the complaint a statement of the results obtained by such proceedings.

The defendant made an application for a bill of particulars, in which the plaintiffs should set forth the nature of said work in detail and the charges placed upon each item specified, and the particulars showing how the sum of $15,000, as alleged in the complaint, was computed. The motion was granted, and the order provided that the plaintiffs furnish to the defendant a bill of particulars in the form of specified charges in each item enumerated under Nos. 1 to 9, folios 11 to 15 in the complaint, from which order the plaintiffs appeal. The items 1 to 9 in the complaint contained are not items of services rendered by the plaintiffs as alleged by them, but items of matters submitted to them by the defendant for their consideration. The allegations of services rendered are all contained in the third paragraph of the complaint, as hereinbefore pointed out.

We think that the defendant is entitled to a bill of particulars under this complaint, and that she should be informed in what manner the plaintiffs have made up their lump charge in the sum of $15,000. We think that the order appealed from should be modified, so as to provide that the plaintiffs give a bill of particulars in which they shall enumerate each of the suits or proceedings instituted by them, and the details of the services claimed to have been performed in each of those suits or proceedings, and place a valuation upon the services rendered in each one; that is, we do not require a valuation of each detail, but a valuation of the services rendered which may be by way of a lump sum for each of the suits or proceedings, and, if there be outside of the specific suits or proceedings other services of a general nature, they should be enumerated with such particularity as to indicate the method of computing the bill.

It is clear that, unless such a bill of particulars is furnished, it would be impossible upon this complaint for a defendant to properly prepare for trial. There would be no way in which the charges made for the services rendered could be submitted to other members of the profession for the purpose of obtaining expert evidence to submit to the jury upon the question of the value of the services claimed for. The purpose of a bill of particulars is to make definite that which is indefinite and to facilitate the prompt and orderly trial of the action by confining the issues within definite limits. Under this complaint a bill of particulars is a necessity.

The order appealed from should be modified as indicated, and, as modified, affirmed, without costs. All concur.