(121 App. Div. 607.)

### SQUIRES v. KISSAM.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

PLEADING—BILL OF PARTICULARS.

Where the complaint in an action by an attorney for services rendered and moneys expended alleged that between dates named plaintiff rendered services to defendant of the reasonable value of an amount specified and expended a certain other amount, and the bill of particulars served on defendant's demand consisted mainly of dates of certain interviews and consultations, writing and receiving letters, and such an item as "To services in defendant's interest in 17 foreclosure actions covering D. properties and in bankruptcy proceedings" between dates named, defendant was entitled to a further bill of particulars, showing plaintiff's services in each of the specified actions or proceedings and his valuation thereof as to each action or proceeding, and also other services, if any, of a general nature outside such actions or proceedings, and his valuation thereof with such particularity as to indicate the method of computing the bill.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 954, 959–960.]

Appeal from Special Term.

Action by Grant Squires against Leila H. B. Kissam. From an order denying her motion to require plaintiff to make and serve a further bill of particulars, defendant appeals. Order reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Edmonds Putney, for appellant.
Joseph P. Howe, for respondent.

PER CURIAM. Plaintiff is an attorney at law, and brought this action to recover for professional services rendered and for moneys expended in connection with the rendition of such services. The com-

plaint alleged that between the 5th day of March, 1901, and the 1st day of July, 1902, plaintiff rendered services to the defendant, upon her retainer and as her attorney and counsel, of a reasonable value of · $2,600, and paid out and expended for defendant in connection with aforesaid services, at her request, the sum of $641.11, and that no part of said indebtedness had been paid, except the sum of $241.11 on account on said disbursements, and demanded judgment for the amount remaining due. The answer was a general denial. The action was instituted about five years after the rendition of the services alleged, and the defendant avers that the plaintiff has never rendered the defendant any bill for services, and that the suit was brought without even a demand for payment.

The defendant served upon the attorney for the plaintiff a demand for a bill of particulars, and a paper purporting to be a bill of particulars in accordance with said demand was thereafter served, consisting of some 11 printed pages of items, consisting mainly of dates of certain interviews and consultations, writing and receiving letters, and such an item as "From April 4, 1901, to June, 1902, to services in defendant's interest in 17 foreclosure actions covering Dexter properties and in bankruptcy proceedings." Although voluminous and apparently detailed, the bill furnishes no real information. As said by this court in Aub v. Hoffman, 120 App. Div. 50, 104 N. Y. Supp. 913:

"We think that the defendant is entitled to a bill of particulars under this complaint, and that she should be informed in what manner the plaintiffs have made up their lump charge, * * * in which they shall enumerate each of the suits of proceedings instituted by them and the details of the services claimed to have been performed in each of those suits or proceedings, and place a valuation upon the services rendered in each one; that is, we do not require a valuation of each detail, but a valuation of the services rendered, which may be by way of a lump sum for each of the suits or proceedings, and if there be, outside of the specific suits or proceedings, other services of a general nature, they should be enumerated with such particularity as to indicate the method of computing the bill. It is clear that, unless such a bill of particulars is furnished, it would be impossible upon this complaint for a defendant to properly prepare for trial. There would be no way in which the charges made for the services rendered could be submitted to other members of the profession for the purpose of obtaining expert evidence to submit to the jury upon the question of the value of the services claimed for."

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted as indicated, with $10 costs.