SITTIG v. COHEN.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

PLEADING (§ 318*)—BILL OF PARTICULARS—PAYMENTS.

Where, in an action on a claim assigned to plaintiff by a bank, the answer alleged on information and belief that before the action defendant paid the claim to the bank, plaintiff was entitled to a bill of particulars stating the date and place of the alleged payment, the person or officer to whom made, and the amount thereof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–971; Dec. Dig. § 318.*]

Appeal from Special Term, New York County.

Action by Harry Sittig against Jack Quintus Cohen. From an order denying motion for a bill of particulars, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Henry S. Hooker, for appellant.
William King Hall, for respondent.

CLARKE, J. The complaint alleges that on the 5th day of December, 1898, the Alabama National Bank obtained a judgment in the city court of Birmingham, Ala., against the defendant for the sum of $685.-75 in an action upon a promissory note made by the defendant to said bank, that no part thereof has been paid, and that on or about the 16th day of May, 1907, the said bank duly assigned said claim and cause of action to the plaintiff. The answer denies the allegations of the sixth paragraph of the complaint, which is, "On information and belief that no part thereof has been paid to said bank, although demand has been duly made," and for a separate and distinct defense defendant alleges, on information and belief, that before the commencement of this action defendant satisfied and discharged the plaintiff's alleged claim by payment thereof to the Alabama National Bank. Plaintiff moved for a bill of particulars, which should state the date and place of the alleged payment, the person or persons, officer or officers, to whom made, and the amount or amounts thereof; and, the motion having been denied, plaintiff appeals.

Plaintiff's assignor, being a corporation, must do its business through its officers and employés. It has had many such during the ten years which have elapsed since the judgment was obtained upon which this suit is brought. The defendant alleges payment upon information and belief. Such an averment emphasizes the necessity for a bill of particulars upon the facts disclosed in these papers. That under proper circumstances a bill of particulars of alleged payments may be required is established by authority. Coolidge v. Stoddard, 120 App. Div. 641, 105 N. Y. Supp. 544.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes