### HARRIS v. GREAT EASTERN CASUALTY CO.

(Supreme Court, Appellate Division, First Department.   December 31, 1913.)

PLEADING (§ 317*)—BILL OF PARTICULARS—RIGHT—NAMES OF CORPORATE REPRESENTATIVES.

Where, in an action to reform a burglary insurance policy by including a statement to show a prior loss by plaintiff's assignor and a prior objection of a burglary insurance policy by another company, it was claimed that the policy was returned to defendant for correction, so as to show the facts sought to be incorporated in the policy by the amendments, and that defendant agreed to so amend the policy, defendant is entitled to a bill of particulars showing the names of its representatives with whom the alleged agreement was made; it appearing from a prior bill of exceptions that plaintiff can obtain such information from certain persons.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by Harry Harris against the Great Eastern Casualty Company. From an order denying a motion for an additional bill of particulars, defendant appeals. Reversed, and motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Joseph L. Prager, of New York City, for appellant.
Herman M. Schaap, of New York City, for respondent.

DOWLING, J.   The action is brought for a reformation of a policy of burglary insurance by the inclusion therein of a statement in amendment of the warranties, statements, and agreements contained in the policy, so as to show a prior loss by William Morris & Co., plaintiff's assignors, and a prior rejection of burglary insurance by another insurance company, and for the damages claimed to have been sustained by plaintiff's assignors by reason of burglary or theft covered by the policy in question as amended.

It is claimed that this policy was returned to the defendant for correction, so as to show the amendments now sought to be made, and that the defendant agreed so to amend the same.   By the particulars now sought the defendant, among other things, seeks to obtain the name of the person whom the plaintiff's assignors claimed to have informed that they had sustained a prior loss by theft; also the representative of the defendant to whom the policy is claimed to have been returned for correction, and the person who agreed to change the policy in the manner set forth in the complaint.   The other particulars asked for are along the same general line.

The defendant, being a corporation, which acts only through its representatives, is entitled to know the names of the persons in its employ, or representing it, with whom the plaintiff's assignors claim they made the special agreement in question.   Sittig v. Cohen, 130 App. Div. 689, 115 N. Y. Supp. 332.   It appears, from the defective bill of particulars heretofore served, that one Harry A. Wilkus and one Bernard Frank are in a position to furnish the plaintiff with information concerning many of the matters upon which particulars are sought.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion for a further bill of particulars granted, with $10 costs.   All concur.