---

GORMLEY v. SMITH et al.   (No. 6584.)

(Supreme Court, Appellate Division, First Department.   December 18, 1914.)

PLEADING (§ 317*)—BILL OF PARTICULARS.

    In an action for attorney's fees for services rendered with respect to different matters, the defendant is entitled to a statement sufficiently comprehensive and definite to enable him to obtain advice and offer opinion evidence with respect to the value of the services; but an order for a bill of particulars, which required plaintiff to furnish a statement of the services claimed to have been rendered, should not require plaintiff to specify the particular days on which they were rendered and the time occupied each day—it being sufficient to state separately the value of the services claimed to have been rendered with regard to each matter.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Clarence W. Gormley against John Thomas Smith and another. From an order requiring him to furnish a bill of particulars, plaintiff appeals. Order modified and affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Wilbert Ward, of New York City (Rutherford B. Meyer, of New York City, on the brief), for appellant.

Frank A. Gaynor, of New York City, for respondent Smith.

LAUGHLIN, J. The plaintiff and defendants are attorneys and counselors at law, and the action is to recover on a quantum meruit for professional services alleged to have been rendered by plaintiff to defendants at their special instance and request between the 1st day of January, 1913, and the 26th day of November of the same year. The answers put in issue all the material allegations of the complaint, with the exception of the averment that the parties are attorneys.

The order, made on application of defendant Smith, requires that a bill of particulars be served with respect to eight matters, specified in eight paragraphs, designated (a) to (g), inclusive. Under the well-settled practice, the first six provisions were clearly authorized. The seventh, designated paragraph (f), requires a statement of the days on which the services were rendered and the specification of the "exact nature of the services rendered on each day" and the time devoted thereto; and the eighth, designated paragraph (g), requires a statement of "the value of each item of service" for which a recovery is sought. The preceding paragraphs of the order require an itemized statement of the services rendered. That should suffice on that particular point, for it necessarily requires a definite statement with respect to the services, which embraces the nature and extent thereof.

There is no occasion for requiring the plaintiff to specify the *particular days* on which the services were rendered, or the *time* occupied *each day*. The other requirements, that the defendant be furnished with a statement of the services claimed to have been rendered, if complied with, will give all the information essential to enable the defendant to defend the action, and if those requirements be not fully complied with the defendant has a remedy by further motion. The well-settled practice requires that such a statement be sufficiently comprehensive and definite to enable an adverse party to obtain advice and to offer opinion evidence thereon with respect to the value of the services. In such a case, the value of each item of service need not be stated. The rule is that the party should state separately the value of the services claimed to have been rendered with reference to each separate action or matter in its entirety. Pace v. Amend et al., 149 N. Y. Supp. 738 (decision rendered November 6, 1914, App. Div., 1st Dept.); Aub v. Hoffmann, 120 App. Div. 50, 104 N. Y. Supp. 913.

The order should therefore be modified, by striking out paragraphs (f) and (g), and inserting in place thereof the following: "(f) Separately the value of the services with respect to each separate matter"— and, as modified, affirmed, without costs.

All concur.