ALEXANDER B. EBIN, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

First Department, April 5, 1917.

Pleading — bill of particulars — defense of payment — account stated — practice — affidavit of merits.

Where the plaintiff, an insurance agent, sets forth numerous causes of action against his principal for commissions alleged to have been earned in placing policies, and the defendant, among other things, pleads payment in full and an account stated, the defendant should not be required to furnish a bill of particulars giving all the details of each payment made to the plaintiff.

Under the practice in the First Department a defendant will not be required to give particulars of a defense of payment unless very special reasons therefor appear.

Decisions to the effect that where payment has been made to a corporation a bill of particulars may be ordered showing to what officer of the corporation the payment was made have no application where payments are made to an individual.

Answer examined, and *held*, that allegations as to accord and satisfaction are sufficiently precise, so that an order for particulars thereof would require the defendant to disclose its evidence.

*It seems*, moreover, that where the motion for particulars is addressed to the discretion of the court, an affidavit of merits is required by rule 23 of the General Rules of Practice.

APPEAL by the defendant, The Equitable Life Assurance Society of the United States, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of August, 1916, granting plaintiff's motion for a bill of particulars.

*William Carrell Diamond*, for the appellant.

*Bernard H. Arnold*, for the respondent.

SCOTT, J.:

The plaintiff alleges that for a term of years after April 17, 1896, he was an agent of defendant for the purpose of soliciting insurance under a contract which is annexed to the complaint.

He then sets forth eighty-five causes of action for commissions on policies which he claims to have placed, and on which, as he says, he has not been paid commissions. He also alleges that on September 15, 1910, the defendant delivered to him a statement of his claims for commissions on forty accounts for policies procured by him, the commissions on which have never been paid. He also states an eighty-seventh cause of action for $571.26 alleged to have been paid out for defendant and never repaid. He demands judgment altogether for $8,691.86.

The answer contains,

*First.* A general denial with some specific admissions.

*Second.* A plea of payment of all the commissions earned by plaintiff.

*Third.* An accord and satisfaction on August 17, 1904, by the payment of $528.30 at plaintiff's request to the Corn Exchange Bank for plaintiff's account.

The order appealed from requires defendant to state, with the utmost particularity, all of the details concerning each payment to the plaintiff, thus in effect requiring defendant to state its account with plaintiff.

This is contrary to the practice in this department. It has been our rule not to require a defendant to give particulars of a defense of payment, unless very special reasons appear why such an order should be made.

The Special Term relied upon *Sittig* v. *Cohen* (130 App. Div. 689). In that case the plea was that payment had been made to a *corporation;* and a bill of particulars was ordered showing to what officer the payment was made.

In this case the exact reverse appears. The alleged payments are made *to an individual,* and the reason for the rule in *Sittig* v. *Cohen* disappears.

At to the accord and satisfaction we think that the allegations of the answer are sufficiently precise, and that to order particulars would amount to requiring defendant to disclose its evidence.

Furthermore, there is no affidavit of merits which seems to be required by rule 23 of the General Rules of Practice, since the motion is addressed to the discretion of the court.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.