YANGTSZE INSURANCE ASSOCIATION, LTD., Respondent, *v.* STARK & COMPANY, INC., Appellant.

First Department, February 4, 1921.

**Pleadings — bill of particulars of defense of payment denied.**

An order for a bill of particulars of the defense of payment will not be granted unless very special reasons appear. Accordingly such a bill will not be granted in an action to recover a balance alleged to be due on insurance premiums where the plaintiff did not state the details of the account between the parties and it appeared that the transactions between them covered several thousand policies of marine insurance, the premiums on which varied from a few cents to $200, and that monthly settlements were made between the parties.

APPEAL by the defendant, Stark & Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of September, 1920, granting the plaintiff's motion for a bill of particulars of the defense of payment.

*Morris Alfred Vogel* of counsel [*Vogel & Marion*, attorneys], for the appellant.

*Ira L. Anderson* of counsel [*Barker, Donahue, Anderson & Wylie*, attorneys], for the respondent.

Page, J.:

This order is erroneous and should be reversed. It is contrary to our practice to grant bills of particulars of defense of payment, unless very special reasons appear why such order should be granted. (*Ebin* v. *Equitable Life Assurance Soc.*, 177 App. Div. 458, 459.) In *Sittig* v. *Cohen* (130 App. Div. 689) the action was brought by the assignee of an Alabama bank to recover on a judgment recovered in that State nine years before the assignment. The answer alleged upon information and belief that before the commencement of the action, the defendant satisfied and discharged the plaintiff's alleged claim by payment thereof to the bank. A bill of particulars of this defense was ordered. *Lynch* v. *Dorsey* (98 App. Div. 163) was an action by an executrix upon a judgment recovered in 1889 by the testator. The answer alleged that eleven years after the judgment was recovered, the testator instituted proceedings supplementary to execution; that a referee reported that certain sums had been paid to the attorney for the testator, and that the judgment should be canceled. The court refused to confirm the report and ordered the payments to be credited on the judgment. The court held that as the plaintiff was ignorant of the facts and under an obligation to enforce the claim for the benefit of the estate, if a just one, she was entitled to know particularly when and to whom the money was paid so that she could be prepared at the trial to contest either the fact of payment or the authority of the person to whom the alleged payment was made.

In the present case between January 1, 1916, and January 1, 1919, over 15,000 separate and distinct policies of marine insurance were issued, the premiums on which varied from seven cents to $200, the total amounting to over $10,000. A statement of the policies issued each month and the amount of premiums due thereon was sent to the defendant by the plaintiff's New York agents, and within ten days thereafter a check was forwarded by mail to the said agents. The plaintiff has sued for a balance due of $3,872.49, without stating the details of the account. To comply with the order it would be necessary for the defendant to state a full account showing the debits and credits. The same corporation is still the New York agent of the company; its treasurer verified the affidavit on

which the application for the bill of particulars was made. There are no special circumstances that would warrant a departure from our usual rule.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.