MAKE MILLS, Appellant, *v.* FINLEY ROBERTSON PORTER COMPANY, INC., Respondent.

First Department, November 3, 1922.

**Pleadings — bill of particulars as to defense of payment granted where action is by assignee and answer, verified by attorney, is ambiguous.**

Ordinarily the court will not require a bill of particulars of the defense of payment, but the defendant will be ordered to furnish one in an action brought by an assignee who can have no personal knowledge presumptively of any payment made by the defendant and where the answer, which is verified by the defendant's attorney who does not profess to have any personal knowledge of any payments made, is ambiguous.

APPEAL by the plaintiff, Make Mills, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of August,

1922, denying plaintiff's motion for a bill of particulars of the defense of payment alleged in the answer.

*William D. McNulty,* for the appellant.

*William J. Cullen,* for the respondent.

SMITH, J.:

The motion was denied upon the opinions in this court in the cases of *Ebin* v. *Equitable Life Assurance Society* (177 App. Div. 458) and *Yangtsze Ins. Assn., Ltd.,* v. *Stark & Co., Inc.* (195 id. 401). Those cases lay down the rule of practice that the court will not require a bill of particulars of the defense of payment unless very special reasons appear why such an order should be made. In my judgment such reasons do appear in this action.

In the first place, the action is brought by an assignee who can have no personal knowledge presumptively of any payments made by the defendant. In the second place, the answer is verified by the defendant's attorney, who does not profess to have any personal knowledge of any payments made. In the third place, the answer is ambiguous.

The allegation of the answer is: " That any and all debts, sums of money or other indebtedness of any kind, name or nature in any way and at any time owing to the plaintiff's assignor by the defendant has been fully paid and satisfied and there is no debt or sum of money due and owing from the defendant to the plaintiff or plaintiff's assignor."

There is no claim here of any specific payment of any specific claim. The defense of payment could always be thus pleaded where the defendant denies the liability upon the claim sued for. Under such an answer no specific payments need be shown if the defendant denies upon the stand his liability for the plaintiff's claim.

For these reasons, in my judgment, it is fair to the plaintiff that he should know the specific claim of payment made, so as to prepare to meet such claim upon the trial. The order should, therefore, be reversed, with costs, and the motion granted.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.