BERNHARDT ROSENZWEIG, Plaintiff, *v.* JOHN F. LARKIN, Defendant.

City Court of New York, Bronx County, April 6, 1934.

*Bernhardt Rosenzweig*, for the plaintiff.

*George J. Mintzer*, for the defendant.

DONNELLY, J. An order for a bill of particulars of a defense of payment will not be granted unless very special circumstances appear. (*Yangtsze Ins. Assn.* v. *Stark*, 195 App. Div. 401.) At bar such special circumstances exist which require the granting of plaintiff's motion, at least to the extent herein indicated. The action is to recover from the defendant the reasonable value of legal services rendered by the plaintiff, an attorney, to and for the

defendant at the latter's request. The complaint alleges that the plaintiff and one Joshua Egelson were copartners, practicing law under the firm name and style of Rosenzweig & Egelson; that under the provisions of certain partnership agreements between plaintiff and Egelson, all the fees, moneys and causes of action sued for herein were and were to be the plaintiff's sole and individual property; and that the defendant retained the plaintiff's said law firm to prosecute an action against Philip Hano Co., Inc. The defendant's answer contains a general denial of all the material allegations of the complaint, and, in addition, among other things, it contains a first affirmative defense alleging, among other things, that legal services were rendered to the defendant, not by the plaintiff, but by one Emanuel G. Kleid. The defendant further alleges that the said Kleid had an arrangement with plaintiff and Egelson, whereby the said Kleid instituted and conducted litigation in which he was retained under the firm name of Rosenzweig & Egelson, or Rosenzweig, Kleid & Egelson, and that the legal services so rendered to the defendant were rendered by the said Kleid in the name of Rosenzweig & Egelson, and that the defendant has paid the said Kleid in full for said legal services. The plaintiff alleges that he has no knowledge whatsoever of the aforesaid arrangement.

Upon these facts, I think the plaintiff is entitled to the information he seeks in demands 1, 2 and 4. (*Yangtsze Ins. Assn.* v. *Stark, ante,* and cases there cited.) In the instant case the allegations in the first affirmative defense are upon information and belief. In *Sittig* v. *Cohen* (130 App. Div. 689, 690) it was held that an averment of information and belief in defendant's answer emphasizes the necessity for a bill of particulars.

Demand 3 is too broad. An itemized statement of the services rendered is sufficient, without requiring the defendant to specify the particular dates on which the services were rendered. (*Gormly* v. *Smith,* 165 App. Div. 169.)