JOHN B. BRADY and SAMUEL J. PALMER, Copartners, Doing Business as BRADY PALMER PRINTING Co., Respondents, v. STATE TAX COMMISSION OF THE STATE OF NEW YORK, Appellant.— Action by plaintiffs, former stockholders of a corporation, for a declaratory judgment in respect of the validity of certain franchise taxes assessed against the corporation. Order denying defendant's motion for summary judgment after joinder of issue and granting judgment to the plaintiffs to the extent of invalidating taxes imposed subsequent to December 16, 1929, when the charter of the corporation was forfeited, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur. [176 Misc. 1053.]

HYMAN FORMAN, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.— Action to rescind an executed contract for the purchase and sale of real property on the ground of fraud. Order which, among other things, denied plaintiff's motion to strike the third separate defense from the answer, and order granting defendant's motion to compel a reply, in so far as appeals are taken therefrom, affirmed, with one bill of ten dollars costs and disbursements. The third defense is good as a matter of pleading. It should not be presumed that the justice presiding at the trial of the action will be misled as to the effect of the orders from which the appeals are taken. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

MARY M. MEDLER, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— In an action to recover damages for personal injuries sustained by plaintiff, a passenger in defendant's trolley car, the jury rendered a verdict in plaintiff's favor. The court granted defendant's motion to set the verdict aside as contrary to the evidence. From the order entered thereon plaintiff appeals. Order reversed on the facts, motion denied, and verdict of the jury reinstated, with costs to appellant. The evidence presented a clear-cut issue of fact for determination by the jury. Upon all the proof it cannot be said that the jury's determination was against the weight of the evidence. Hence, it was error for the court to set aside the verdict. Lazansky, P. J., Carswell, Johnston and Close, JJ., concur; Adel, J., dissents and votes to affirm.

PARKER-LAUER REALTY Co., INC., Respondent, v. THE LONG ISLAND RAILROAD COMPANY and Another, Defendants, and BENJAMIN S. MOSS, Appellant.— Action to recover real estate brokerage commissions. Order modifying appellant's demand for a bill of particulars modified on the law and the facts as follows: (1) By inserting a provision that if plaintiff, acting in good faith, has no present knowledge as to any of the matters as to which it is required to give particulars, it should so state under oath; and (2) by striking from the order everything following the word "only" in the third ordering paragraph. As thus modified, the order is affirmed, with ten dollars costs and disbursements to the appellant, the bill of particulars to be served within ten days from the entry of the order hereon. Under the facts of this case, since the record does not disclose that any application to examine the defendants before trial was pending, the direction that the bill of particulars be served within twenty days after the completion of an examination of defendants before trial was an improper exercise of the court's discretion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.