In the Matter of the Probate of the Will of AUGUST E. ERNST, Deceased.

Surrogate's Court, Erie County, February 18, 1949.

*Charles Diebold* and *Robert I. Millonzi,* in person, for Robert I. Millonzi, as temporary administrator of the estate of August E. Ernst, deceased, proponent.

*Regis O'Brien* and *Clayton Smith* for Frank C. Ernst and others, contestants.

BUSCAGLIA, S. This is a proceeding for the probate of an alleged will of August E. Ernst, deceased.

The contestants object to the probate and allege decedent's testamentary incapacity, fraud, deceit and/or undue influence. The proponent now moves this court to strike out the objection of testamentary incapacity on the grounds that decedent's competency was tried out by a court of competent jurisdiction, namely the Supreme Court of Erie County, wherein after a

hearing was duly held, a jury returned a verdict on the 25th day of April, declaring the decedent competent to manage himself and his affairs. The order of the Supreme Court, confirming the jury's verdict of April 25th, was dated May 29, 1947, and recites among other things that "August E. Ernst is competent to manage himself and his affairs." On May 5, 1947, after the jury's verdict and prior to the order confirming it, the decedent drew his alleged last will and testament.

The proponent contends that this being so, the issue of testamentary capacity is not a proper one before this court on the grounds of *res judicata*. The contestants think otherwise; that the issue is not *res judicata* on the ground that the parties in that proceeding were dissimilar and the issue not exactly analogous. The contestants and the parties in the incompetency proceeding were the same, six of the contestants having joined in the petition for the appointment of a committee of the person and property of the decedent and the remaining contestants having been joined by order of Supreme Court Justice R. C. VAUGHAN granted July 11, 1946. These contestants, both those who voluntarily joined in the said petition and those who were so joined by order of the said Supreme Court Judge, constitute the only heirs at law, next of kin and distributees of the decedent herein.

The proponent further moves this court for an order of preclusion on the ground that the bill of particulars furnished by the contestants did not comply in all respects with the demand. Contestants in attempting to comply with the demand for a bill of particulars served a bill which furnished the particulars requested, in part, and as to the balance stated under oath that they lacked knowledge to furnish the particulars.

It is the opinion of this court that the contestants are estopped from offering any proof or testimony with regard to the decedent's mental capacity prior to the date of the unanimous finding by the jury of competency, namely April 25, 1947. The question of competency was decided by the jury April 25, 1947. The alleged will was purportedly executed afterward, on May 5, 1947. The contention of the proponent that the order of the Supreme Court, entered in the competency proceeding on May 29, 1947, ratified the jury's finding as of that date, is without merit. This order merely affirmed the jury's finding as of April 25, 1947. (*Darraugh* v. *Carrington*, 50 N. Y. S. 2d 481.) The finding of mental capacity on the part of the decedent on April 25, 1947, can not conceivably support the conclusion that he was necessarily competent on the day he made his will, which

was ten days later. It does not necessarily follow that he was competent the very next day for that matter.

*Res judicata* is a rule of law pervading every system of civilized jurisprudence grounded upon public policy, in the interest of society, that there should be an end of litigation, and upon reasonable necessity which impels protection of the individual from the vexation of repeated suits. The doctrine applies and treats the final determination of the action as speaking the infallible truth as to the rights of the parties as to the entire subject of the controversy, and such controversy and every part of it must stand irrevocably closed by such determination. The sum and substance of the whole doctrine is that a matter once judicially decided is finally settled.

The rule making such judgments a bar must find its justification in the public policies before referred to. It is a recognition of the need of finality to litigation; and that having been permitted one fair opportunity to present his grievance to the court, a party must then be content. It is a " rule of rest " similar in purpose to the Statute of Limitations. (*Haverhill* v. *International Railway Co.*, 217 App. Div. 521, 523.)

In the instant matter, the question involved is that of testamentary capacity. In the opinion of this court the proceeding in the Supreme Court to determine decedent's competency involved substantially the same issues that are here involved. The issues to be tried in the will contest, so far as mental capacity are concerned, are sufficiently embraced by the issues tried out in the incompetency proceeding as to make the rule of *res judicata* fittingly apply.

It should be borne in mind that less capacity is required to enable a man to make a valid will than to enter into and make other valid contracts. (*Matter of Seagrist*, 1 App. Div. 615.) The reason for this rule is apparent; the will is not a contract; it usually represents the last wish, if not act, of the one departing; if it is attacked he is not here to defend his act or give a reason for it; the right of a testator to dispose of his estate depends neither on the justice of his prejudices nor the soundness of his reasoning; he may do what he will with his own and if there be no defect of testamentary capacity, and no undue influence or fraud, the law gives effect to his will though its provisions are unreasonable and unjust. (*Clapp* v. *Fullerton*, 34 N. Y. 190; *Matter of Bossom*, 195 App. Div. 339.)

Chief Judge CARDOZO in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304, 308) says: " The decisive test is this,

whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second." In my judgment, any eventual determination that the decedent did not possess on or before April 25, 1947, sufficient mental capacity to make a will is a virtual reversal of the former judgment of competency. This is not the proper function of a court of original jurisdiction but rather of an appellate tribunal.

Let us say that the decedent had been adjudged an incompetent and on the same day attempted to make a will. How ridiculous then would appear any contention of the proponents that the former judgment of incompetency in no way resolved the issue of decedent's testamentary capacity. Identically the same parties have had their day in court on substantially the same issue. Accordingly, the question of mental capacity must necessarily be limited to the period from the date of the Supreme Court jury's verdict to the time the alleged will was drawn.

In the opinion of the court, proponent's motion for an order of preclusion is without merit.

The office of a bill of particulars is to apprise a party of the particulars of the claim that he will be called upon to meet upon the trial, so that he may be able to prepare his defense and procure the attendance of such witnesses as he may be able to produce upon the subject. It is not usual, however, to require a party to give the particulars of the evidence of which he proposes to avail himself upon a trial. A party cannot be required to furnish particulars of evidence which are not within his power to furnish or preclude him from giving lawful and proper evidence upon the trial by reason of his inability to specify in advance what such evidence will disclose. (*People* v. *McClellan,* 191 N. Y. 341.)

A party acting in good faith and stating under oath that he lacks knowledge as to any of the matters as to which it is required to give particulars, cannot be precluded upon the trial of the issues. (*Parker-Lauer Realty Co.* v. *Long Island R. R. Co.,* 263 App. Div. 955.)

A party should not be precluded in advance of offering evidence as to items concerning which he claims in good faith to lack knowledge. He is entitled to offer such evidence in the trial as a matter of right. (*Schlank* v. *East River Savings Bank,* 272 App. Div. 56.)

The motion of proponent for an order of preclusion is, therefore, denied.

Enter order accordingly.