Michael Catalawo, J.
The defendant moves for an order directing the plaintiffs to serve a further bill of particulars specifying: (a) The time spent on each item of service rendered; (b) The date when each item of service was rendered and the time spent each day; (c) All pleadings, petitions, claims, notices and other legal documents prepared, served or filed; the dates they were prepared, served or filed; (d) The name of each person with whom the plaintiffs conferred, corresponded or phoned; the nature and subject matter of each conference, correspondence and phone call; or, in the alternative, precluding the plaintiffs from offering any evidence upon the trial of this action of the above items.
The complaint alleges, in effect, that between August 24, 1957 and January 13, 1958, the plaintiffs, upon defendant’s request, performed services for the defendant; that the fair and reasonable value thereof was $125,000, no part of which has been paid.
The answer denies the value of the services and affirmatively states that the defendant retained the plaintiffs to prosecute a claim for damages against the Power Authority of this State for the condemnation of real property owned by defendant; that prior to the completion of said services, the plaintiffs, without just cause, withdrew as defendant’s attorneys, abandoned the case and refused to prosecute such claim to its conclusion.
The items sought in this motion were specified in the demand for a bill of particulars in the first instance.
The plaintiffs’ bill of particulars states the nature of the services performed generally, including many names of persons consulted and items of work done, ‘ resulting in an offer by the Power Authority of the State of New York to pay to Niagara University the sum of five million dollars ($5,000,000.00) for a portion of its property * * * Plaintiffs are unable to state the amount of the time spent on each item of service above enumerated. * * * Plaintiffs are unable to state the date on which each item of service was rendered or the amount of *856 time spent on each such day or the name of each person with whom plaintiffs conferred, corresponded or telephoned or the nature and subject matter of each said conference, correspondence or telephone call. * * * No action or proceeding was instituted. ’ ’
The office of a bill of particulars is to apprise a party of the particulars of the claim that he will be called upon to meet at the trial, to prepare his defense, to procure the attendance of necessary witnesses; but not to disclose evidence, not to furnish evidence not within his power to furnish or preclude him from giving evidence upon the trial because of his inability to specify in advance what such evidence will disclose. (People v. McClellan, 191 N. Y. 341, 348.) The bill of particulars amplifies a pleading, limits the proof, prevents surprise, enables the adversary to know definitely what the pleader intends to claim under his pleading. (Elman v. Ziegfeld, 200 App. Div. 494, 497 [1st Dept.].) The giving or withholding of a bill of particulars lies largely in the discretion of the Supreme Court (People v. McClellan, supra, p. 348) which should be liberal in granting such bills. (Elman v. Ziegfeld, supra, p. 497; Matter of Weisberg, 286 App. Div. 849 [2d Dept.]; Solomon v. Travelers Fire Ins. Co., 5 A D 2d 1017 [2d Dept.].)
In an action by attorneys to recover for professional services rendered on a quantum meruit, between certain dates, estimating the reasonable value of all the services performed, taken together, “ The questions to be litigated will be whether the plaintiffs were employed and the value of the services rendered, to be determined as a single charge, or by ascertaining the value of the services relating to particular matters in the course of the employment.” (Pace v. Amend, 164 App. Div. 206, 208 [1st Dept.].) Where a lump charge is made in such a case, the defendant should know by way of a bill of particulars, not a valuation of each detail, but an enumeration of general services as to indicate the method of computing the bill, so that the charges made for the services rendered could be submitted to other members of the profession to obtain expert evidence upon the question of value. (Aub v. Hoffmann, 120 App. Div. 50, 52 [1st Dept.]; Accord: Squires v. Kissam, 121 App. Div. 607 [1st Dept.].) “ The rule is, that the party should state separately the value of the services claimed to have been rendered with reference to each separate action or matter in its entirety.” (Gormly v. Smith, 165 App. Div. 169, 171 [1st Dept.].) “ There is no occasion for requiring the plaintiff to specify the particular days on which the services were rendered, *857 or the time occupied each day. ’ ’ (Gormly v. Smith, supra, p. 170.) (See, also, Keller v. National Sur. Co., 222 App. Div. 767 [2d Dept.]; Rosensweig v. Larkin, 151 Misc. 105, 106.)
Here, items (a) and (b) time and dates are not necessary in this bill of particulars.
Where a party is “ unable ” to obtain the necessary information at the time when a bill is required to be served, but there is reasonable prospect that he will be able to do so before trial, such statement is sufficient, otherwise, meritorious claims might be defeated through preclusion orders calling upon the plaintiff prematurely to specify information obtainable by examination before trial, or, by calling adverse parties and their employees, not to mention strangers, as hostile witnesses at the trial. (Schlank v. East Riv. Sav. Bank, 272 App. Div. 56, 58 [1st Dept.]; Friedman v. Celfan Bldg. Corp., 13 Misc 2d 192, 194 [Kings County].) The plaintiff may state, acting in good faith, that he has no present knowledge ” as to certain matters under oath. (Parker-Lauer Realty Co. v. Long Is. R. R. Co., 263 App. Div. 955 [2d Dept.]; see, also, Richards v. Miller, 167 App. Div. 443, 444 [3d Dept.]; Eisenstaedt v. Schweitzer, 3 A D 2d 716 [2d Dept.].) Where counsel in good faith furnishes the fullest bill which the circumstances then permit, stating his “ inability ” to particularize the special aspects of the claim at that time, no court should grant an order of preclusion. (Goldstein v. Wickett, 3 A D 2d 135, 136 [4th Dept.]; see, also, Matter of Ernst, 194 Misc. 237, 240 [Surrogate’s Ct., Erie County], mod. 275 App. Div. 1020.)
Here, the good faith of the plaintiffs is not questioned. Therefore, their being ‘ ‘ unable to state ’ ’ the matters requested in items (a), (b) and (d), stated under oath, should be deemed sufficient.
Item (c) herein, refers primarily to actions or proceedings.
Section 4 of the Civil Practice Act entitled, ‘ ‘ ‘ Action ’ defined ” provides, in part: “ The word action,’ when applied to judicial proceedings, signifies an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense.”
Section 5 of the Civil Practice Act entitled, “ ‘ Special proceeding ’ defined ” provides: “ Every other prosecution by a party for either of the purposes specified in the last section is a special proceeding.”
There are three pleadings in a civil action, the complaint (Civ. Prac. Act, §§ 254, 255), the answer (Civ. Prac. Act, §§ 260, 261) *858 and the reply (Civ. Prac. Act, § 272). Thus, when the plaintiffs state: “No action * * * was instituted,” this means no “ pleadings ” were prepared.
Section 113 of the Civil Practice Act entitled, ‘ Definition of motion ” provides: “ An application for an order is a motion. A motion is made when a notice thereof or an order to show cause is duly served.”
Section 119 of the Civil Practice Act entitled, “ Application for relief by affidavit or petition ” provides: “ Any proceeding which is required by statute or by rule of civil practice to be instituted by petition may be instituted by an affidavit setting forth the matter which it is required that the petition shall contain, accompanying a notice of an application for the relief which properly would be prayed for in the petition; and in like manner a proceeding which, by statute, or by rule of civil practice, is required to be instituted by affidavit may be instituted by petition.”
Thus, when the plaintiffs state: “No * * * proceeding was instituted,” this means no “ petitions, claims, notices and other legal documents ” were prepared.
Certainly, if the documents requested by the defendant were not ‘ ‘ prepared by the plaintiffs, it follows that they could not be “ served or filed.”
It follows that the bill of particulars, though succinct, is adequate.
The motion is denied, without costs.
Prepare and submit order accordingly.