George Fanelli, J.
This is a motion by plaintiff to vacate a demand for a bill of particulars. The action is based upon a specific written instrument allegedly executed by defendant’s deceased husband on April 9, 1946 wherein he transferred to plaintiff (his sister) one half of his stock interest and of the profits earned upon it in a corporation owned by him. By way of relief, plaintiff seeks a declaration that the said assignment is valid and effective, and for an accounting with respect to the profits accruing to her as the result thereof.
The law is well settled that the office of a bill of particulars is to amplify the pleading, to limit the proof, and to prevent surprise at the trial (Solomon v. Travelers Fire Ins. Co., 5 A D 2d, 1017). The granting of a bill of particulars depends upon what the aggrieved party claims the facts are, and not upon the adversary’s knowledge thereof, nor upon the actual facts (Dwyer v. Slattery, 118 App. Div. 345). While liberality is the general rule (Elman v. Ziegfeld, 200 App. Div. 494), yet, particulars which involve a disclosure of evidence may not be had.
Applying these rules to the case at bar, the court is of the opinion that most of the items sought by defendant have no relevancy or materiality to the cause of action set forth by plaintiff in her complaint. While it is true that the assignment has been outstanding for some 12 years and that the defendant wife (as executrix) may not have any personal knowledge of her husband’s business dealings and finder such circumstances she seeks to explore the validity and enforcibility of the assignment, nevertheless, she cannot do so by directing plaintiff to furnish her with the information sought by the demand. The items sought are in some degree evidentiary in nature and will not amplify the complaint, limit the proof or prevent surprise at the trial insofar as this case is concerned. It would seem that a pretrial examination would afford defendant the relief she seeks for the very purpose of an examination before trial is to get out the facts involved in the issues and to garner evidence (Marie Dorros, Inc. v. Dorros Bros., 274 App. Div. 11). A bill of particulars is not an adequate substitute for an ■examination before trial. (Sasson v. Lichtman, 277 App. Div. 1060.)
*643 Accordingly, all the items in the demand are stricken with the exception of item 11 which is modified to the extent that plaintiff shall furnish particulars as to how she acquired knowledge that profits were paid or accrued to the decedent prior to his death.
Settle order on notice.