# (September 27, 1962)

■ LATHAM ENTERPRISES, INC., Respondent, v. WESTCOTT CONSTRUCTION CORP., Appellant.— Order, entered on May 8, 1962, granting plaintiff's motion for an order permitting service of an amended complaint, unanimously affirmed, with $20 costs and disbursements to the respondent. Defendant of course may, if necessary, apply for leave to serve an amended answer including the affirmative defense of the Statute of Limitations. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.

■ KENNETH CARROAD, Practicing Law under the Name of CARROAD & CARROAD, Appellant, v. EDWARD J. REGENSBURG et al., as Executors of ADELE REGENSBURG, Deceased, Respondents.— Order, entered on June 1, 1962, granting in part and denying in part plaintiff's motion to modify defendants' demand for a bill of particulars, unanimously modified on the law and in the exercise of discretion to the extent of vacating the demand in its entirety, with $20 costs and disbursements to appellant, with leave to defendants to serve a demand for a suitable bill of particulars. The action is one in *quantum meruit* to recover the reasonable value of legal services rendered to Adele Regensburg, deceased. The scope of a bill of particulars by a plaintiff in that type of action has been delineated by the cases (see *Gormly* v. *Smith,* 165 App. Div. 169; *Pace* v. *Amend,* 164 App. Div. 206). The demand herein, in the light of the complaint and the recognized limitations as to particulars in such actions, seems to us unreasonable, oppressive, and an abuse of the right to a bill of particulars. The remedy, under the circumstances, is not successive prunings of the demand by Special Term and this court by eliminating some items and portions of others, but rather a vacatur of the entire demand (see *Universal Metal Prods.* v. *De-Mornay Budd,* 275 App. Div. 575; *Mutual Life Ins. Co. of N. Y.* v. *Tailored Woman,* 275 App. Div. 798; *American Mint Corp.* v. *Ex-Lax,* 260 App. Div. 576, 577). There should be no difficulty in framing a proper demand which will call for the nature and subject matter of each of the professional matters handled by plaintiff for decedent and the itemization of the charge for each particular matter handled. It is for the attorneys to assume this burden of serving a proper demand, and not for the courts to attempt to correct any palpably bad one. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.