Domenick L. Gabrielli, J.
In this action for legal services, the defendants seek an order to preclude the plaintiff from proving the value of Ms services as well as other matters claimed in the complaint.
In response to a demand, the plaintiff served a bill of particulars on March 10, 1964. Because of claimed deficiencies, the *1079 defendants moved for a further bill on March 19 and an order was then entered which required the plaintiff to state by whom he had been retained and for whom the services had been performed; the nature of the services performed as well as the value thereof; and also the dates of any demands made by plaintiff for the payment of his services.
Thereafter and on July 15, a further bill was served to which the defendants have addressed their present motion to preclude; and, following the service of the notice of motion, but before the submission of the matter, an additional and final bill was served.
An examination of the bills of particulars now shows that the demands requesting the plaintiff to state by whom he was retained and for whom he performed legal services, have been answered. So also has the plaintiff stated, to his best ability, the time of making his demand for payment.
A “memorandum of services” was attached to the bill of particulars. The defendants, however, strenuously object to the plaintiff’s failure to completely detail each and every service performed as well as the time spent in the performance of each item of service. In this connection the bill of particulars furnished states as follows: ‘1 Attached hereto and made a part of this Bill are excerpts from plaintiff’s professional diary having to do with the said actions. Plaintiff is unable to detail all professional services rendered in the course of said litigation. The agreement did not contemplate that plaintiff should render services upon an hourly or per diem basis but rather upon a basis entirely contingent upon recovery on behalf of the plaintiff in the said actions as a result of which plaintiff made no exact record of each and every item of service rendered or of time expended and is unable to respond further to defendants’ demand for particulars of services rendered. ”
The ad damnum clause of the complaint seeks a specific sum which plaintiff claims is based upon a percentage of the total fee received by the defendants’ attorneys. He is not basing his claim on quantum meruit. The issues now appear to be narrowed to an action for legal services performed, the basis for which is a contingent fee arrangement.
In an action for legal services where a demand was made for “ the particular days ” on which the services were rendered, or the “ time ” occupied “ each day ”, the court (Runals v. Niagara Univ., 16 Misc 2d 853, 856-857), in citing Gormly v. Smith (165 App. Div. 169); Keller v. National Sur. Co. (222 App. Div. 767) and Rosenzweig v. Larkin (151 Misc. 105), said: “ There is no occasion for requiring the plaintiff to specify the particular days *1080 on which the services were rendered, or the time occupied each day ”.
In addition, where a litigant has in good faith furnished the fullest bill which the circumstances permit, stating his inability to particularize the special aspects of the claim, no court should grant an order of preclusion. (Goldstein v. Wickett, 3 A D 2d 135, 136; Matter of Ernst, 194 Misc. 237, 240, mod. on other grounds and affd. 275 App. Div. 1020; Runals v. Niagara Univ., supra.)
The Court of Appeals has stated and finalized the rule (People v. McClellan, 191 N. Y. 341, 348) when it said that the office of a bill of particulars is to apprise a party of the particulars of the claim that he will be called upon to meet at the trial, to prepare his defense, to procure the attendance of necessary witnesses; but not to disclose evidence, not to furnish evidence not within his power to furnish or preclude him from giving evidence upon the trial because of his inability to specify in advance what such evidence will disclose.
A party acting in good faith and stating under oath that he-lacks knowledge as to certain of the matters as to which he is required to give particulars, should not and cannot be precluded upon the trial of the issues. (Parker-Lauer Realty Co. v. Long Is. R. R. Co., 263 App. Div. 955; Matter of Ernst, supra.) If such were not the rule in situations of this nature, justice might well be thwarted.
A party should not be precluded in advance of offering evidence as to items concerning which he claims in good faith to lack knowledge. He is entitled to offer such evidence in the trial as a matter of right. (Schlank v. East Riv. Sav. Bank, 272 App. Div. 56.)
If a party is unable to state definitely the particular items required, he may make the best statement possible and state his reasons for not giving greater detail (Zecchini v. Mayer, 195 App. Div. 423).
A party cannot be required to furnish particulars of evidence which are not within his power to furnish or preclude him from giving lawful and proper evidence upon the trial by reason of his inability to specify in advance what such evidence will disclose (Matter of Ernst, supra).
For the reasons herein assigned, the motion is denied, without costs.