George L. Cobb, J.
This is an action for an injunction to enforce a water pollution abatement order of the Commissioner of Health and to recover statutory penalties (Public Health Law, art. 12, §§ 1250, 1251, 1220, 1225) for defendant’s alleged pollution of the Cromma Bill (a tributary of the Hudson River, in Albany County) and the Hudson River. The plaintiff moves to modify defendant’s demand for a bill of particulars and to dismiss the four affirmative defenses interposed by the defendant. The defendant cross-moves for an order directing the plaintiff to submit to an examination before trial.
The motion directed at defendant’s demand for a bill of particulars seeks to strike out- items 4, 5, 6, 7, 8, 9,10,11, 12, 13, 14, 15,16, 17,18, 19, 20, 21, 22, 23, 25, and 26 as improper demands.
Items 4, 5, 6, and 7, which seek detailed information concerning tests made by plaintiff of the waters of the Cromma Kill and the Hudson River within the area embraced by the action and of tests made by the plaintiff of effluent from defendant’s outlets into the Cromma Kill, are stricken, as they seek matter which is evidentiary in nature. It is not the function of a bill of particulars to supply evidence. (State of New York v. Horsemen’s Benevolent & Protective Assn., 34 A D 2d 769; Nicolosi v. Christopher, 20 Misc 2d 641; Runals v. Niagara Univ., 16 Misc 2d 853, 856.)
Item 8, which calls for information regarding “ outlets on the Cromma Kill and the Hudson River upstream of point at which classifications are alleged to be violated ’ ’ is stricken, as irrelevant to plaintiff’s causes of action.
*856 Items 9 and 10 seek information concerning tests made of water upstream of defendant’s outlets on the Cromma Ball and tests made of effluent from outlets other than defendant’s on the Cromma Kill. Items 11 and 12 seek information concerning tests made of waters upstream of the confluence of the Cromma Kill and the Hudson River and tests made of the effluent from outlets on the Hudson River upstream of its confluence with the Cromma Kill, and on other tributaries of the Hudson River upstream of such confluence. They are stricken. Again, these items seek information which is evidentiary in nature and irrelevant to the causes of action pleaded in the complaint.
Items 13,14, and 15, which seek information concerning abatement orders entered against other alleged polluters, and the extent of compliance therewith, are irrelevant to the plaintiff’s case against this defendant and are stricken.
Similarly stricken, as irrelevant to the plaintiff’s complaint, are items 16,17,18,19, 20, 21, 22, 23, 25, and 26, which in reality seek information to buttress affirmative defenses interposed by the defendant.
In summary, the demands in question, as framed by the defendant, are stricken because they call for information which goes beyond the function of a bill of particulars, which is to amplify the pleading, limit the proof, and prevent surprise at the time of trial. (Hayes v. Utica Mut. Ins. Co., 24 A D 2d 829; Elman v. Ziegfeld, 200 App. Div. 494, 497.)
The court now considers the plaintiff’s motion to dismiss defendant’s four affirmative defenses. The abatement order which the plaintiff seeks to enforce against the defendant was made on March 7, 1966. The order, which was entered upon stipulation, provided, among other things, as follows:
“ 3. THAT the Respondent Allegheny Ludlum Steel Corporation shall on and after December 1,1966, cease and abate and thereafter continuously keep abated all discharges of the industrial wastes, sewage and other wastes by it or through its drains, sewers and outlets into the Cromma Kill and in turn indirectly into the Hudson River unless said Respondent shall: * * *
“(d) By December 1,1968 cause construction of the approved waste treatment plant and facilities referred to aforesaid to be commenced.
“ (e) By April 1, 1970 cause construction of the said waste treatment plant and facilities aforesaid to be completed; and
“ (f) Upon completion of said construction aforesaid; put said treatment plant and facilities into operation and thereafter, treat all industrial wastes and other effluents received by said *857 treatment plant facilities in such manner as to continuously conform with the standards deemed adopted for and assigned to the Cromma Edil and of the pertinent sections of the Hudson River referred to in the Complaint served herein.”
Following the issuance of the order, instead of building its own waste treatment plant at its steel processing plant in the Town of Colonie, Albany County, within the timetable provided in the order, the defendant embarked upon a plan whereby its waste would be received and treated by the Albany County Sewer District. It appears, however, that the facilities of the Albany County Sewer District will not be completed until the end of 1972 or later. Thus it appears that the defendant has not complied with the time schedule of the abatement order.
The first and third affirmative defenses seek, in substance, to bar the plaintiff from enforcing the abatement order, or, alternatively, to modify the order to conform to the time schedule for the erection of a sewerage treatment facility by the Albany County Sewer District, on the grounds that the plaintiff is estopped from enforcing the order and that there has been a waiver or constructive modification of the time provisions of the order by reason of the actions of certain State employees in ‘ ‘ initiating, supporting and approving defendant’s participation” in the Albany County Sewer District.
These defenses must be dismissed as a matter of law, since it is only the Commissioner who can waive or modify an order of abatement (Public Health Law, § 1210, subd. 3, par. [b]) and other State employees or agents may not, by their actions, affect the rights of the State in the order of abatement. Furthermore, the doctrine of estoppel is not available to the defendant as a defense in this action, because estoppel is not applicable against the State when exercising its sovereign powers (People v. System Props., 281 App. Div. 433, 441, mod. on other grounds 2 N Y 2d 330; Matter of Rochester Tr. Corp. v. Public Serv. Comm., 271 App. Div. 406, 411).
The second affirmative defense, which alleges that the delays encountered by the Albany County Sewer District in completing its treatment facility are beyond the control of the defendant and are not attributable to the defendant, does not state a defense to this action, as the abatement order which plaintiff seeks to enforce makes no provision for defendant to dispose of its waste by participation in the Albany County Sewer District.
By its fourth affirmative defense defendant seeks to have the abatement order amended, pursuant to section 1223 of the Public Health Law, “ to provide a schedule for completion of con *858 struction of defendant’s pretreatment facilities and connecting lines and treatment of defendant’s wastes consistent with the modified schedule for completion of the Albany County Sewer District’s intermunicipal facilities ’ ’. In support of this defense, the defendant alleges, among other things, that construction of its own waste treatment plant, independent of the Albany County Sewer District, ‘ ‘ was not practicable by reason of the financial inability of defendant to justify the anticipated expenditures and continue operation of its plant in the Town of Colonie and a substantial economic hardship would thus be imposed upon defendant, its employees and the community ’ ’.
This defense, which in essence seeks a judicial review of the abatement order, is barred by the time limitation for the commencement of an article 78 proceeding to review an order or determination of the Commissioner as set forth in section 1244 of the Public Health Law. Accordingly, it is dismissed. It should be noted, however, that some of the circumstances advanced by the defendant in support of this defense will remain for consideration by the trial court in determining whether injunctive relief will be granted. It appears to be the trend in pollution cases that injunctive relief will be sparingly granted and only after a balancing of the gain to the community from the cessation of pollution against harm to the community from the loss of an industrial employer. (Boomer v. Atlantic Cement Co., 26 N Y 2d 219; Diamond v. Mobil Oil Corp., 65 Misc 2d 75.)
The motion of the defendant for an order directing an examination before trial of the plaintiff (CPLR 3102, subd. [f]) is granted to the extent that the plaintiff, or such other person or persons selected by him with knowledge of the facts and circumstances pertaining to the subject matter of the action, submit to an examination before trial with respect to all evidence material and necessary to the defense of the action, at a time, date and place to be agreed upon by the parties, or, in the event the parties are unable to agree, at a time, date and place to be fixed by the court in the order to be entered herein.
In view of the broad and general demand for the production at such examination of “ all papers, documents, memoranda * * * affecting the premises herein ’ ’, orderly procedure requires that the defendant, by means of the examination before trial, ascertain and identify the items sought and then move for general discovery. (Arett Sales Corp. v. Island Garden Center of Queens, 25 A D 2d 546.)